IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TIMOTHY A. JONES,**

    Plaintiff,

v.                                                                                   Civil Action No. **3:11CV510**

**SANDRA VASS,** *et al.*,

    Defendants.

### MEMORANDUM OPINION

Timothy A. Jones, a former Virginia prisoner proceeding *pro se*, filed this 42 U.S.C. § 1983[1] action in which he alleges Defendants violated his rights under the Eighth Amendment.[2] The matter is before the Court on Defendant Vass's Motion for Summary Judgment and Jones's failure to serve the two John Doe defendants within the time required by Federal Rule of Civil Procedure 4(m).[3]

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the

## I. FAILURE TO SERVE DOE DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 4(m), Jones had one hundred and twenty (120) days from the filing of the complaint to serve the John Doe defendants.[4] Here, that period commenced on January 31, 2012. By Memorandum Order entered on September 17, 2012, the Court directed Jones, within eleven (11) days of the date of entry thereof, to show good cause for his failure to serve the John Doe defendants within the time required by Rule 4(m).[5] Jones failed to respond. Accordingly, the claims against the John Doe defendants will be DISMISSED WITHOUT PREJUDICE.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323

---

court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[4] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

[5] Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts find good cause to extend the 120-day time period when the plaintiff demonstrates he has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).

(1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (*citing Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (*quoting Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). In support of her Motion for Summary Judgment, Defendant Vass submits her affidavit (Mem. Supp. Mot. Summ. J. Ex. A ("Vass Aff.")), and the affidavit of Johnnette R. Cleaton, the Epidemiology Nurse for the Virginia Department of Corrections ("VDOC") (*id.* Ex. B ("Cleaton Aff.")), and Jones's medical chart (Vass Aff. Attach. A).

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Nurse Vass provided Jones with appropriate *Roseboro* notice.[6] Jones has not responded to the Motion for Summary Judgment, however, he submitted a sworn complaint containing a three-page "Statement of the Claim."

Nevertheless, the facts offered by a sworn declaration must also be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the statement in the sworn declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted). In his complaint, Jones argues: "Based on the irreparable harm and danger from the results of Nurse Vass Action, I have suffer from extreme mental anguish and emotional stress. I am experiencing numeroues [sic] health issues and personal injuries as a result of Nurse Vass Actions." (Compl. 6.)[7] Jones contends: "Nurse Vass knew or should have known that the exposal [sic] of other disease were likely under the present conditions of the contaminated and dirty gloves." (*Id.*) Jones's statements run afoul of the above prohibitions against conclusory statements and hearsay. Moreover, conclusory comments of this ilk fail to create material disputes of fact. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (observing that "[a]iry generalities" and "conclusory assertions" cannot "stave off summary judgment") (alteration in original; internal quotation marks omitted).

---

[6] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

[7] The Court employs the pagination assigned by the CM/ECF docketing system for citations to and quotations from Jones's complaint.

4

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Jones.

### B. Summary of Undisputed Facts

On October 27, 2009, Sandra Vass, RN, a nurse at Halifax Correctional Center, administered tuberculin skin tests ("TST") to the inmate population. (Compl. 4; Vass Aff. ¶ 2.) The TST determines whether individuals are infected with tuberculosis. (Vass Aff. ¶ 2.) Jones states:

> As I stood in line awaiting my turn to be administered the shot, I observed that Nurse Vass was not changing her gloves in between each tuberculosis shot given. There was something that I also observed, she had already pre-prep the needles and had them all on the table. After noticing that she was not changing her gloves and that serve of the offender had bleed after being administered the shot, when the time came for me to take the shot I respectfully asked Nurse Vass if she could change her gloves because of possible contamination from the previous offenders. I told her, that I had just saw her wipe blood from the offender who had just went before me arm, and that I would like for her to change her gloves before administering me the tuberculosis shot. I told her that I watch her give approximately fifty (50) offenders shots and never once change her glo[v]es. Nurse Vass said **"NO"** I am not going to change my gloves for you.

(Compl. 4 (grammatical errors in original).) Jones asked Vass to change her gloves several additional times and she refused. (*Id.* 4–5.)

Vass explains that medical staff administer the TST intradermally, meaning between the skin layers and not intraveneously. (Vass Aff. ¶¶ 2.) The VDOC has no policy requiring nurses administering the TST to wear latex gloves, nor a requirement that the nursing staff change gloves while administering the TST so long as no blood or bodily fluid contaminates them. (Vass Aff. ¶¶ 3–4; Cleaton Aff. ¶¶ 3–4.) Vass wore gloves while administering the TST although not required to do so. (Vass. Aff. ¶¶ 3, 5.) No blood or bodily fluid contaminated her

gloves when she administered the TST to Jones.[7] (*Id.* ¶ 5.) Vass cleaned Jones's skin with an alcohol swab and injected the tuberculin into the superficial layer of his skin, about 3 mm. (*Id.*)

Jones's medical chart from August 1, 2008, when he arrived at Halifax Correctional Center, until March 23, 2010, when the VDOC transferred him to another facility, reflects no medical repercussions from the TST administration. (*Id.* ¶ 6; Vass Aff. Attach. A 6–9.)[8]

### C. Analysis

Although Jones references the Due Process Clause[9] in his Complaint, "it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (*quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Thus, Jones's substantive due process claim is subsumed within his claim that Nurse Vass violated the Eighth Amendment by failing to follow proper hygienic procedures.

To survive a motion for summary judgment on an Eighth Amendment "cruel and unusual punishment" claim, Jones "must prove two elements: (1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir.

---

[7] Jones alleges only that he saw Nurse Vass wipe blood from another inmate and asked her to change gloves due to "possible contamination." (Compl. 4.) No evidence exists reflecting that Jones saw blood on Vass's gloves. Jones fails to direct the Court to evidence that reflects Vass employed the gloves themselves rather than an alcohol swab to clean blood off another inmate.

[8] The Court employs the pagination assigned by the CM/ECF docketing system for the medical records.

[9] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

6

1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To satisfy the objective element of an Eighth Amendment claim, the deprivation complained of must be extreme and amount to more than the "'routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (some internal quotation marks omitted) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Thus, Jones "'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) (*quoting Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (*citing Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)) (stating same). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show the official in question subjectively recognized a substantial risk

of harm . . . . [and] "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (*quoting Rich*, 129 F.3d at 340 n.2).

Jones fails to satisfy either the objective or subjective component for his Eighth Amendment claim. With respect to the objective component, Jones fails to demonstrate, as he must, that he sustained any injury, much less a serious or significant physical or emotional injury resulting from Nurse Vass's failure to change her gloves. *Strickler*, 989 F.2d at 1381 (4th Cir. 1993). Jones's general claims of mental anguish and emotional stress fail to establish a sufficiently serious injury. *See id.* at 1381 n.9; *see also Lowery v. Bennett*, No. 11–6425, 2012 WL 3218006, at *5 (4th Cir. Aug. 9, 2012) (holding that "bare allegations that [plaintiff inmate] suffered 'pain' are not sufficient to establish the requisite level of seriousness"). Given that deficiency, Jones fails to demonstrate an Eighth Amendment violation. *See Solan v. Rice*, No. 3:09CV643, 2011 WL 2982190, at *3–5 (E.D. Va. July 22, 2011) (concluding inmate's complaint about "suffer[ing] great psychological stress and anxiety" from lack of testing for cancer failed to support an Eighth Amendment claim) (internal quotation marks omitted); *Harris v. Vass*, No. 7:10CV00327, 2010 WL 8750302, at *1–2 (W.D. Va. July 30, 2010) (dismissing as legally frivolous nearly identical claim against Nurse Vass); *Winslow v. Johnson*, No. 3:08CV184, 2009 WL 743437, at *4 (E.D. Va. Mar. 18, 2009) (finding that plaintiff inmate's claims failed to establish resulting serious physical or emotional injury).[10]

Jones also cannot establish the subjective component. Jones fails to introduce evidence sufficient for a finder of fact to conclude that, by not changing her gloves when requested, Nurse

---

[10] Jones cannot pursue a claim for monetary relief for any emotional harm because he failed to sustain any physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Vass knew of and disregarded a substantial risk of harm to Jones. *Farmer*, 511 U.S. at 837. Jones puts forth no evidence to counter Nurse Vass's sworn statement that no blood or bodily fluid contaminated her gloves when she administered the TST to Jones. (Vass. Aff. ¶ 5.) Thus, Jones fails to establish that Nurse Vass perceived a substantial risk of harm to Jones, much less, disregarded that risk.

Accordingly, Vass's motion for summary judgment will be GRANTED. Jones's constitutional claim against Nurse Vass will be DISMISSED.

An appropriate Final Order shall issue.

Date: 1-29-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge